IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**ROBERT A. LUND**,<br><br>Defendant. | Case No. 3:18-cr-180-SI<br>Case No. 3:19-cr-244-SI<br><br>**OPINION AND ORDER** |

Billy J. Williams, United States Attorney, and Seth D. Uram and Clemon D. Ashley, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Robert A. Lund, *pro se*.

**Michael H. Simon, District Judge.**

On April 24, 2018, a federal grand jury in the District of Oregon indicted Robert A. Lund ("Lund") in Case No. 3:18-cr-180-SI ("Case '180"). In that case, the grand jury charged Lund with one criminal count of filing false statements in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). On June 12, 2019, a federal grand jury in the District of Oregon indicted Lund on additional criminal charges in Case No. 3:19-cr-244-SI ("Case '244"). In that case, the grand jury charged Lund with six criminal counts: (1) tax evasion from 1994-1996, in violation of 26 U.S.C. § 7201; (2) failure to file an individual tax return for calendar year 2013, in violation of

26 U.S.C. § 7203; (3) failure to file an individual tax return for calendar year 2014, in violation of 26 U.S.C. § 7203; (4) obstructing or impeding the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7212(a); (5) theft of government funds relating to the Oregon Health Plan, in violation of 18 U.S.C. § 641; and (6) theft of government funds relating to the Supplemental Nutritional Assistance Program, in violation of 18 U.S.C. § 641. On July 10, 2019, Lund had his initial appearance and arraignment in both cases before a U.S. Magistrate Judge in the District of Oregon. Lund recently filed in both cases a Verified Motion to Dismiss for Want of Original Jurisdiction and a separate Motion for Order of Involuntary Dismissal for Want of Jurisdiction. For the following reasons, Lund's motions are denied.

## DISCUSSION

### A. Original Jurisdiction

In his motions, Lund asserts that he is a "Minister of the Church of Philadelphia" and "an Ambassador for Christ." Case '180 ECF 14 at 1-2; Case '180 ECF 17 at 7; Case '244 ECF 18 at 1-2; Case '244 ECF 15 at 7. Article III, section 2, clause 2 of the United States Constitution provides, in relevant part: "In all cases affecting *ambassadors*, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction." U.S. Consti., Art. III, sec. 2, cl. 2 (emphasis added). Invoking this provision, Lund argues that this district court lacks original jurisdiction because Lund is an "Ambassador for Christ."

Although the Court is skeptical that Lund is an "ambassador," as that term is used in the Constitution, the Court need not reach that issue to reject Lund's argument. In *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 392-405 (1821), the United States Supreme Court held that it could hear appeals in cases that also fit within its original jurisdiction. "This opened the door for Congress to vest concurrent jurisdiction over matters within the original jurisdiction in the state

and lower federal courts." Erwin Chemerinsky, *Federal Jurisdiction* § 10.3 at 711 (7th ed. 2016), citing *California v. Arizona*, 440 U.S. 59, 65 (1979) ("It is similarly clear that the original jurisdiction of this Court is not constitutionally exclusive—that other courts can be awarded concurrent jurisdiction by statute."). In 28 U.S.C. § 1251, Congress did precisely that. Section 1251(b) states, in relevant part:

> (b) The Supreme Court shall have original *but not exclusive* jurisdiction of:
>
>> (1) All actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties

28 U.S.C. § 1251(b)(1) (emphasis added). Thus, the Constitution does not preclude this district court from exercising concurrent jurisdiction in this matter, even if Lund were considered an "ambassador," as that term is used in the Constitution.

**B. Subject Matter Jurisdiction**

Lund also argues that Congress has not conferred subject matter jurisdiction on this district court. He is mistaken. In 18 U.S.C. § 3231, Congress expressly stated in relevant part:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

18 U.S.C. § 3231. In both Case '180 and Case '244, Lund is charged with committing offenses against the laws of the United States. In *United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993), the Ninth Circuit noted that § 3231 gives federal district courts original jurisdiction over "all offenses against the laws of the United States." *See also United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984) (noting that under § 3231 district courts have jurisdiction over violations of Title 18 and Title 26 of the United States Code). Thus, Congress has conferred

subject matter jurisdiction over the alleged offenses in all district courts of the United States, including this one.

## C. Venue

Lund also challenges venue, which he appears to refer to as the "*locus in quo*." The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State *and district wherein the crime shall have been committed*; which district shall have been previously ascertained by law . . . ." U.S. Consti., Amend. VI (emphasis added). The venue provisions for federal criminal proceedings are set forth in Rule 18 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3232. That rule provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18. In Case '180, the grand jury alleged that Lund committed the offense for which he is being charged in the District of Oregon. *See* Case '180, Indictment (ECF 1), ¶¶ 1, 2, 3, and 7. Similarly, in Case '244, the grand jury alleged that Lund committed the offenses for which he is being charged at least in part in the District of Oregon. *See* Case '244, Indictment (ECF 1), ¶¶ 1, 2, 11, 15, 17, 20, 24, and 28. Thus, venue is proper in the District of Oregon.

## D. Personal Jurisdiction

Lund also argues that this Court lacks personal jurisdiction over him in these two criminal cases. In the Ninth Circuit, a district court has "personal jurisdiction over any party who appears before it, regardless of how that appearance was effected." *United States v. Warren*, 610 F.2d 680, 684 n.8 (9th Cir. 1980); *see also United States v. Zammiello*, 432 F.2d 72, 73 (9th Cir. 1970) ("It is clear that the federal authorities had actual possession of appellant during his trial.

Personal presence of a defendant before a district court gives that court jurisdiction over him regardless of how his presence was secured."); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1992) (rejecting as "frivolous" defendant's argument that he is a "freeman" and thus not subject to the court's personal jurisdiction); *United States v. Gerads*, 999 F.2d 1255 (8th Cir. 1993) (rejecting defendants' contention that they are not United States citizens but only "Free Citizens of the Republic of Minnesota" as "lacking merit and frivolous"); *United States v. Ward*, 1999 WL 369812 at *2 (9th Cir. 1999) (rejecting defendant's "sovereign citizen" argument as "frivolous") (unpublished opinion). Because Lund was brought before a U.S. Magistrate Judge in this district, who conducted Lund's initial appearance and arraignment in both cases, this district court has personal jurisdiction over Lund.

## CONCLUSION

Defendant's Verified Motion to Dismiss for Want of Original Jurisdiction in Case No. 3:18-cr-180-SI (ECF 14), Motion for Order of Involuntary Dismissal for Want of Jurisdiction in Case No. 3:18-cr-180-SI (ECF 17), Motion for Order of Involuntary Dismissal for Want of Jurisdiction in Case No. 3:19-cr-244-SI (ECF 15), and Verified Motion to Dismiss for Want of Original Jurisdiction in Case No. 3:19-cr-244-SI (ECF 18) are all denied.

**IT IS SO ORDERED**.

DATED this 3rd day of September, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge