1          IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF OREGON

3                  PORTLAND DIVISION

4

5   UNITED STATES OF AMERICA,        )
                                     )
6                      Plaintiff,    )   Nos.3:19-cr-00244-SI
                                     )       3:18-cr-00180-SI
7            vs.                     )
                                     )   September 3, 2019
8   ROBERT A. LUND,                  )
                                     )   Portland, Oregon
9   _____Defendant._____)

10

11

12

13              TRANSCRIPT OF PROCEEDINGS

14          (Oral Argument/Status Conference)

15

16       BEFORE THE HONORABLE MICHAEL H. SIMON

17        UNITED STATES DISTRICT COURT JUDGE

18

19

20

21

22

23  Court Reporter:          Ryan White, RMR, CRR, CSR/CCR
                             United States District Courthouse
24                           1000 SW 3rd Avenue, Room 301
                             Portland, Oregon 97204
25                           (503) 326-8184

1                           APPEARANCES

2

3    For the Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                               By:  SETH D. URAM
4                              seth.uram@usdoj.gov
                               CLEMON D. ASHLEY
5                              clemon.ashley@usdoj.gov
                               1000 SW 3rd Avenue, Suite 600
6                              Portland, Oregon 97204
                               (503) 727-1194
7

8    For the Defendant:        Robert A. Lund, Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       (September 3, 2019; 11:02 a.m.)

2

3                    P R O C E E D I N G S

4

5       MR. URAM:  Good morning, Your Honor.  Seth Uram and

6  Clem Ashley for the United States.

7       We're here for a status hearing and a motions hearing

8  on two related cases, both captioned United States versus Robert

9  Lund.  The first case number is 3:18-cr-00180.  In that case,

10 Mr. Lund is charged with one count of making false statements in

11 a bankruptcy proceeding.  The second case, that is numbered

12 3:19-cr-00244.

13      Today we're doing two things.  Principally we are

14 taking up Mr. Lund's motions in both cases to dismiss the cases

15 essentially for want of jurisdiction of the court in case

16 number -- well, in the No. 180 case.  That is docket No. 18 of

17 Mr. -- rather, docket No. 14 of Mr. Lund's, and in the 244 case,

18 that is docket No. 15 of Mr. Lund's.  The government filed a

19 consolidated response in both of those, and we are ready to

20 proceed on that.

21      And the second principal purpose is to determine

22 Mr. Lund's representation in this matter.

23      THE COURT:  Although, before we get to that, there

24 were two other motions that Mr. Lund filed.

25      Besides the motion to dismiss for want of original

jurisdiction, docket 14 in the 180 case, and docket 18 in the
244 case, he also filed a motion for involuntary dismissal for
want of jurisdiction.  That's docket 17 in the 180 case and
docket 15 in the 244 case.  And there's some overlap in those
four motions, but my plan is to deal with those four motions
before getting to the representation issue.

MR. URAM:  Very well.  Thank you, Your Honor.

THE COURT:  Thank you, Mr. Uram.

And good morning, Mr. Ashley.

Good morning to you, Mr. Lund.

And, Mr. Lund, I do recall that at our last status
conference there was some interest on your part in trying to
find an attorney to represent you.  Where do things stand in
that -- on that issue, sir?

MR. LUND:  Your Honor, good morning.  I'd like to hold
off until we establish jurisdiction.

THE COURT:  Fair enough.  That's fine.

All right.  As I said, we have your four motions in
the two cases before me.  We have your verified motion to
dismiss for want of original jurisdiction that's docket 14 in
the 180 case; and the same motion, your verified motion to
dismiss for want of original jurisdiction, that's docket 18 in
the 244 case.

I also have your motion for order of involuntary
dismissal for want of jurisdiction that's docket 17 in the 180

case; and the same motion for order of involuntary dismissal for
want of jurisdiction that's docket 15 in the 244 case.

I have read everything that you have provided.  Is
there any further argument -- and I've read the government's
response.

Is there anything further, sir, that you would like to
say in support of your -- any of those motions?

MR. LUND:  Yes, I would, Your Honor.

THE COURT:  Please proceed.

MR. LUND:  Okay.  I am Minister Robert Andrew Lund.
I'm here under special appearance and not general appearance for
there appears to be a mistake on the record for the fact, for
the record, I'm not waiving my immunity.  I have immunity from
prosecution that's been established by the International
Organization Immunities Act of 1945, international treaties, and
law.

The burden is on the government, Your Honor, to
establish jurisdiction of this court and the record.  I hereby
specifically and unequivocally deny that this court has
jurisdiction, has original jurisdiction, and I rebut all
presumptions demanding strict proof as I do not recognize the
authority of the court.  I deny any presumption through my free
exercise of spiritual belief of any agency over my international
organization.

I am an ordained minister, an ambassador for Christ

from the Kingdom of Heaven, and here in the name of Christ as a co-heir with Christ.

I have a little notes hurricane here. One moment, please.

Okay. I recognize only my creator and Jesus Christ as my judge under the order of Melchizedek and the promise made to me by Jesus that all my legal obligations were nailed to the cross, washed by the blood of Christ, and as Jesus stated, it is finished.

Article III, Section 2, paragraph 2 of the US Constitution states this court lacks jurisdiction and I do not waive my God-given rights for I may not serve two masters.

Jurisdiction was challenged in two separate motions to dismiss. The prosecutor has the burden to prove jurisdiction on the record and to disprove the evidence of want of jurisdiction according to *Maine v. Thiboutot.*

Public Law 2, Stat. 153, is very specific, and the very first requirement is to renounce your allegiance to all foreign kingdoms, states, princes, and potentates. I filed a mandatory judicial notice of my Minnesota 220 filing. The evidence of this grant has been recorded on the land and recorded in Minnesota accordingly. My exercise of the power of appointment by said recording has terminated all presumptions of agency and all executive authorities thereunder.

So the government is in possession of exculpatory

evidence to establish and prove that I am not a US citizen and have not taken the required oath per 2 Stat. 153, and no evidence to the contrary exists on the record.

Under international obligations, the State of California on behalf of the United States of America established for me a legal identity structured as an international organization to hold my protections and immunities under the International Organization and Immunities Act.

In order to establish jurisdiction in this district court, the prosecutor has to basically disprove those facts. I do not renounce my allegiance to my creator and the Kingdom of Heaven, nor do I waive my God-given rights, and to make me do so is a direct violation of the limitations imposed upon the government by the First Amendment further codified by legislature and the Religious Freedom Restoration Act. As an ambassador for Christ, this district court lacks original jurisdiction over me, a living soul, defined in Genesis 2:7.

Furthermore, *Trinsey v. Pagliaro* states that an attorney cannot testify, so that nothing the prosecutor has submitted to the court is admissible evidence and is to be considered unreliable.

I don't know where the prosecutor is getting the term "sovereign citizen." It's an oxymoron at best. I object to the mischaracterization and mispersonification of me by the Government in their attempt to defame my character.

1     *Police Department of Chicago v. Mosley*, 408 US 92, 96

2     (1972), under the equal protection clause, not to mention the

3     First Amendment itself, the government may not grant the use of

4     a forum to people whose views it finds acceptable, such as

5     government agencies, but deny use to those wishing to express

6     less-favored or more controversial views, and it may not select

7     with -- which issues are worth discussing or debating in public

8     facilities.  There is an equality of status in the field of

9     ideas and the government must afford all points of view an equal

10    opportunity to be heard.

11         The government is in possession of exculpatory

12    evidence that I am not a US citizen, that I have not taken the

13    oath required per Public Law 2, Stat. 153, and no evidence to

14    the contrary exists on the record.

15         The United States has failed in its burden to

16    establish jurisdiction on the record and they cannot establish

17    jurisdiction by calling me a sovereign citizen.  The term

18    "sovereign citizen" has never been established in a court of

19    law, either by Congress or the courts.  There are no proper

20    decisions before the court that addresses what exactly a

21    sovereign citizen is.

22         The US prosecutor can prove no set of circumstances to

23    establish that I am a citizen in any way, shape, or form

24    pursuant to Public Law 2, Stat. 153, and my religious beliefs

25    prohibit me from pledging my allegiance to anyone but God and

1    the truth -- and the true source is God.

2          I do not waive my God-given rights and request the

3    court enter a declaratory judgment on the findings of fact and

4    conclusion of law establishing what exactly a sovereign citizen

5    is.

6          In aid of the court's declaratory judgment, I hereby

7    state the following:  I am an ambassador for Christ pursuant to

8    2 Corinthians 5:20, and the Holy Bible has been recognized by

9    the United States government as the Word of God and the

10   foundation upon which the republic rests pursuant to Public Law

11   97-280.

12         Furthermore, my DS-11 application and supplementary

13   explanatory statement presenting me as an ambassador for Christ

14   and resident of Heaven was accepted by a US consular affairs

15   agent on July 1st, 2019.

16         I hereby exercise my right to religious freedom and

17   free exercise protected under the First Amendment and Religious

18   Freedom Restoration Act codified as 42 US 2000bb.  I hereby

19   stand before the court under the order of Melchizedek as an

20   ordained minister notifying the Levitical priesthood that I

21   shall not act in subjectivity to the court's avow.

22         I do not waive any of my God-given rights and hereby

23   demand this case be dismissed under the order of Melchizedek and

24   as a co-heir with Jesus Christ as all my legal obligations were

25   nailed to the cross and washed in the blood of my Lord and

Savior, Jesus. Per Colossians 2:13 through 14, it is paid in
full, it is finished.

I object to any other action in this court until
jurisdiction has been established. If the court is unsure of
what I'm saying and wants to move forward, you're doing so in
want of jurisdiction under constitutional limitations of
government.

As I briefed the court, this matter is specifically
reserved to the original jurisdiction of the Supreme Court of
the United States, and any action proceeding forward done
without jurisdiction will be subjecting the court, the presiding
judge, and the US prosecutor to individual liability in his
person for acting under the color of law with unwant of
jurisdiction.

If this court is unsure of this question of law, I
would request that the certification of said question related to
Article III, Section 2, paragraph 2, to the Supreme Court of the
United States, submit it to that court for determination.

As I said, I object to any movement forward until
jurisdiction --

THE COURT: Mr. Lund, let me just interrupt.

I don't mind you saying anything that you want to say,
but I do mind you repeating yourself.

MR. LUND: That was a little redundant. Sorry. Yeah.

I do want to say that I believe the court lacks

1  jurisdiction and jurisdictional issues may be raised at any

2  time.  If the court should decide to move forward without

3  jurisdictional challenges existing, I do waive my right to a

4  jury trial and I place responsibility for the decisions of this

5  court on the presiding judge at that time to rule on the facts

6  and the conclusions of law.

7          THE COURT:  Okay.  Thank you, Mr. Lund.  I appreciate

8  your comments.  I do want to share some responses with you.

9          First of all, I understand you've made a number of

10  arguments.  I think your threshold argument is that this court

11  doesn't have original jurisdiction over this matter.

12          As I understand your argument, you're basing that on

13  Article III, Section 2, clause 2 of the US Constitution which

14  provides, in relevant part, quote, In all cases affecting

15  ambassadors, other public ministers, and consuls, and those in

16  which a state shall be party, the Supreme Court shall have

17  original jurisdiction, closed quote.

18          I saw your documentation that you are an ambassador of

19  Christ.  I'm not going to draw any conclusions as to whether or

20  not you are an ambassador for purposes of how that term is used

21  in the Constitution, but I will simply accept for purposes of

22  this argument that you are an ambassador as you state, and I

23  don't think it makes a difference because I think your

24  constitutional interpretation is in error based on some fairly

25  clear US Supreme Court precedent.  It's in error because you

seem to conflate the terms "original jurisdiction" with "exclusive jurisdiction."

You are correct that the Supreme Court has original jurisdiction over cases involving ambassadors. So even if you are an ambassador, the Supreme Court could have original jurisdiction, but that doesn't mean they have exclusive jurisdiction.

That point first would be -- was announced by the Supreme Court in *Cohens v. Virginia* in 1821, and then made clearer by the Supreme Court in *California v. Arizona* in 1979. In that case, the Supreme Court said, quote, It is similarly clear that the original jurisdiction of this court -- the Supreme Court -- is not constitutionally exclusive, that other courts can be awarded concurrent jurisdiction by statute, closed quote.

Now, let me just stop here for a moment and say I get that it's confusing. You know, it's not obvious to someone who's not been trained in the law that there's a distinction between exclusive and original jurisdiction, and that a court like the Supreme Court can have original jurisdiction even though it's not exclusive, and another court, such as this court, can have concurrent jurisdiction. These are complicated terms.

From my recollection, that distinction wasn't even taught in first year of law school. It was -- it came about in

1    a more advanced course on federal courts in the second or third

2    year of law school.

3            MR. LUND:  Right.

4            THE COURT:  That's why, when we eventually get to what

5    we're going to get to this morning, I really do urge you to have

6    a lawyer trained in these matters so that they won't make the

7    mistake that you're making of confusing original jurisdiction

8    with exclusive jurisdiction.

9            But as I said, to continue, in *California v. Arizona*,

10    the Supreme Court said that other courts can, by statute, have

11    concurrent jurisdiction.  Well, Congress did precisely that.  In

12    Title 28 of the United States Code at Section 1251, Congress

13    declared that the Supreme Court shall have original, but not

14    exclusive, jurisdiction of all actions or proceedings to which

15    ambassadors are parties, and that's at subsection (b)(1).

16            Therefore, that constitutional provision does not

17    preclude this court from having original jurisdiction as well,

18    concurrent original jurisdiction.  So I reject your argument

19    under the original jurisdiction provision of the Constitution.

20            But then you've also raised in your motion -- and

21    really your motions -- the question of whether this court even

22    has statutory subject matter jurisdiction.

23            And, again, I note that, in your pleadings, you have

24    cited to the Federal Rules of Civil Procedure.  This is a

25    criminal case.  I don't know and I'm not going to ask you

because I want to respect your First Amendment rights to remain
silent -- I don't know whether you've had any involvement in
criminal cases.

I do know from what I've read you have taken -- you've
participated in bankruptcy proceedings, you've participated in
civil proceedings involving tax issues including cases that have
gone all the way up to the Ninth Circuit.

Civil cases are different from criminal cases. I
won't say that one is more complicated than the other, they're
both pretty complicated in federal court, but they're different
and different rules apply.

So your argument about subject matter jurisdiction
under the civil rules of procedure have no bearing on this case.
We look to the criminal jurisdiction statutes and the criminal
rules of procedure.

Under Title 18 of the United States Code at Section
3231, Congress expressly stated, quote, The district courts of
the United States shall have original jurisdiction exclusive of
the courts of the states of all offenses against the laws of the
United States, closed quote.

That means that we have, in this district court,
original jurisdiction over all offenses of alleged federal
crimes, and that's under Section 3231. So I do find that
there's subject matter jurisdiction here.

In your motion papers, you've also questioned the

venue, or I think what you referred to as the locus in quo.
It's not quite the same thing as venue, but it's close enough.

So to the question why are we appropriately here in the district of Oregon, for that, Congress says in 18 USC Section 3232 that we look to the Federal Rules of Criminal Procedure for venue, and Rule 18 of the Federal Rules of Criminal Procedure provide venue. It states, quote, Unless a statute or these rules provide otherwise, the government must prosecute an offense in a district where the offense was committed and the Court must set the place of trial within the district with due regard for the convenience of the defendant, any victims, and the witnesses, and the prompt administration of justice, closed quote. That's Criminal Rule 18.

Now, I do note that in both of these two criminal cases the indictments allege that the offenses were committed -- the alleged offenses were committed either in the district of Oregon, which is the entire state of Oregon, or at least in part in the district of Oregon. I see that in the 180 case at paragraphs 1, 2, 3, and 7 of the indictment. I see that in the 244 case in paragraphs 1, 2, 11, 15, 17, 20, 24, and 28 of that case in the indictment. Thus, I conclude that venue is proper in this district, in the district of Oregon.

And finally, you've also raised in your motions personal jurisdiction over you, and I note that there are several cases that establish that the -- a district court has

personal jurisdiction in a criminal matter over any party who appears before it, quote, regardless of how that appearance was effected. Among other cases, that's from *United States v. Warren* from the Ninth Circuit in 1980.

And I further note that you have previously appeared in this court in the district of Oregon in these two criminal cases for arraignments and first appearances before a United States judge, so I do find that we have personal jurisdiction over you.

So I do find and conclude that defendant's verified motion to dismiss for want of original jurisdiction in case 18-cr-180, defendant's motion for order of involuntary dismissal for want of jurisdiction in that case, defendant's motion for order of involuntary dismissal for want of jurisdiction and verified motion to dismiss for want of original jurisdiction in case 19-cr-244, all of those motions are denied. I do find that I do have subject matter and personal jurisdiction over you and over this case, that venue is proper in this district.

And I do also note that your objections to my exercise of jurisdiction have been properly and timely noted. They are all preserved for appeal. So if and when it becomes necessary or desirable on your part to appeal my rulings to the Ninth Circuit or to the Supreme Court, I do find that you have preserved all of your appellate rights for those arguments that you have made either in writing or orally here today. So those

1  rights are preserved.

2       Now, I'm going to set a trial date in a few moments.

3  I know that we have a trial scheduled for September 10th, which

4  is a week from today.  It doesn't strike me as realistic.

5       But in a few moments, after we talk about attorney

6  issues, my plan is to set a trial.  And I'm looking at, in order

7  to preserve both yours and the public's rights to a speedy

8  trial, I'm looking at either November 5 or 6 to begin a trial,

9  and that would enable us to go into the following week as well,

10  although I note that there's -- the court's closed on Monday,

11  November 11th.  But we can start on the 5th or 6th, or we can

12  start the following Tuesday, the 12th, depending how long this

13  case may last.

14       In a few moments, I'll ask both sides for their

15  estimates, how long the trial will last.  I'll also ask both

16  sides for your respective positions on whether I should

17  consolidate the two cases for trial purposes, case 18-180 and

18  19-244, or whether or not I should try them separately, and if

19  the latter, which one should go first.

20       But these are complex matters, not just on questions

21  of law, but also on questions of trial strategy.  So just as

22  understanding the law and knowing what legal arguments to make,

23  what evidentiary objections to raise, when they must be raised,

24  are all very complicated issues that do require knowledge by a

25  lawyer in order to be done effectively, so too are strategic

decisions such as whether or not to agree to -- whether it's

better for you to have two trials all in one before one jury or

one decisionmaker or to have them done separately, certainly how

to present cases at trial.  These are all tough strategic

decisions and I can appreciate the difficulty that someone

untrained in law is facing.

Frankly, even if you look at the news today, people

who are trained in law are criminal defendants and they still

don't represent themselves because it's generally not wise or

smart to represent yourself.

And I understand why you wanted to represent yourself

up until jurisdiction was established.  It's now been

established, at least my decision.  Your appeal rights are

preserved.  We're going to go forward to trial.

If you tell me that you want to retain private

counsel, I will let you do that.  If you don't do that and you

tell me that you still want to represent yourself, we'll have

some more talking to do and I have some questions for you

because I want to make sure that you really understand how

difficult that is and you're voluntarily waiving your right to

counsel.

And if you don't appear through a retained counsel and

you don't answer my questions adequately on self-representation,

I will appoint counsel at public expense from the Criminal

Justice Act panel even over your objection if we have to get

1  there.  I'll explain all that to you if we have to get there.

2           Now is the time that I'd like to hear your position on

3  what you'd like to do in terms of counsel.  Mr. Lund?

4           MR. LUND:  Thank you, Your Honor.

5           It's been hard to find counsel that will represent

6  what I think should happen.  I'm sure you can appreciate that.

7           I'd like to hold off making a decision, if it's

8  possible, possibly do some hunting, some more hunting.  Is that

9  an option?

10          THE COURT:  Yes and no, because that's what you said

11  when we spoke a few weeks ago, and I know that you were going to

12  be looking for counsel now.

13          So here's why I'm saying yes or no.

14          I'm going to appoint counsel for you today.  I'm going

15  to ask the Criminal Justice Act panel to appoint a

16  court-appointed attorney for you.

17          Mary, will you contact the CJA panel coordinator, have

18  an attorney appointed for Mr. Lund.

19          If at any time thereafter you are successful and you

20  do find an attorney who is licensed to practice in the state of

21  Oregon and you want that attorney to represent you, all you have

22  to do is have that attorney ask for an appearance before me.

23  We'll have a hearing.  And if I conclude that it's not being

24  done for reasons of delay, that if, you know, it's not going to

25  delay what needs to be done and it's not for improper purposes,

1    I fully expect I will allow you then to substitute your chosen
2    attorney for the court-appointed counsel.

3            Alternatively, too, if you ever tell me that you
4    really do want to represent yourself, I'll let you tell me that,
5    we'll have that discussion, I'll go through the litany of the
6    questions along the lines of the form I've previously given you,
7    and if you choose at that time to represent yourself, even
8    though I've given you a lot of reasons why you shouldn't, I'll
9    let you do that and I'll ask to have your court-appointed
10   attorney act as what's called standby or backup counsel.

11           But for right now, I'm going to have an attorney
12   appointed for you.  And as I said, if you want to keep looking
13   for an attorney, as long as it's a qualified attorney admitted
14   in good standing to practice in the courts of the state of
15   Oregon, I will allow you to appear through that attorney.  Just
16   have that attorney contact my courtroom deputy and we'll
17   schedule a hearing to talk about substitution of counsel.  And
18   as I said, if it's not for an improper purpose to cause delay, I
19   will allow it.

20           So that's what I mean when I say yes and no.  I just
21   don't want to delay.

22           Along those lines, I'm going to schedule a trial date
23   soon, and if you want an attorney that you find to represent
24   you, you have to act promptly because I'm not going to accept a
25   substitution of counsel filed the day before trial begins.  That

1   will look to me as if it's for purposes of delay.

2          However, if in the next week or two or so your

3   attorney wants to enter an appearance and say "I will now be

4   representing Mr. Lund in this matter, but I can't make this

5   particular trial date" -- and I'll explore with that attorney

6   why not and maybe we can clear some calendars and maybe we

7   can't.  I'll certainly listen to any argument that your attorney

8   may make about why they need more time either to prepare for

9   trial or to be available for trial and then I'll consider

10  resetting the trial date.  But until then, I don't want to leave

11  it open and not have a trial date while you just go out and look

12  for an attorney.

13         So now let me turn to the government, and I'll come

14  back to you, Mr. Lund, in a few moments to --

15         MR. LUND:  One thing --

16         THE COURT:  Of course.

17         MR. LUND:  -- about the attorney.

18         I just want to make it clear that I don't want that

19  attorney to -- I'm not giving them any permission to make any

20  decisions for me until I get -- give him explicit -- have given

21  him or her explicit permission on specific things.

22         THE COURT:  That's fair enough.

23         And let me tell you that there are some things that an

24  attorney may never make a decision without your consent.  For

25  example, a plea of not guilty has been entered by you to both of

these cases.  No attorney will ever have the authority to change that to a guilty plea without your permission.

You have spoken earlier this morning about possibly wanting to waive a jury trial.  That's a very serious decision. It may require not only your consent, but also the government's, and it's so serious that I'm going to wait and give you the opportunity both to find your own attorney and to speak with the court-appointed attorney that I'm going to appoint today before I even consider your waiver of a jury trial.

Now, ultimately if it comes to you making an informed decision after you've spoken with an attorney, if the government agrees, then, fine, I'll make decisions in this case and we won't have a jury.

On the other hand, you may change your mind after speaking with an attorney or thinking about it.  The government may oppose the request.  We'll take it one step at a time.

So right now I'm keeping this as scheduled for a jury trial.  But it's a lot easier to cancel a jury at the last minute than to go get one, so I'll keep it scheduled as a jury trial.

In addition, there are other decisions that an attorney cannot make for you without your permission.  But as long as you continue to attend our periodic status conferences, I'll give you the opportunity to consult with an attorney, and if an attorney is ever making a decision that you think is

without your permission, you let me know and we'll talk about it
and I will do the right thing at that time.

MR. LUND:  Thank you.

THE COURT:  All right.  Let me ask the government's
position before I go and speak to Mr. Lund, although ultimately
I'm going to ask Mr. Lund -- I'll give him the opportunity to
speak to counsel, but does the government have a position on
whether the two cases should be tried together or separately?

MR. URAM:  Well, we believe they should, Your Honor.
We -- I think we told you at the last hearing that we intended
to make a formal request for that, but we, Mr. Ashley and I,
discussed it after the hearing, we felt it would be better until
we waited until counsel was appointed or not so we could
interact with counsel informally.

But the first-in-time indictment, which is the 180
indictment which alleges false statements and Mr. Lund's
bankruptcy fraud, alleges six separate false statements.  Each
one of them relate to Mr. Lund allegedly lying in that
proceeding about his income or his assets or his ownership and
operation of businesses and deriving income from that.

All of the facts that would be used to prove those
allegations are part of the case that would be used to prove the
tax evasion and the other counts, the other tax-related counts,
in the later-filed indictment, which is the 244 indictment.

So it's not that one is subsumed in the other, but

1    both cases arise, really, out of the same set of circumstances.

2    We'll have the same evidence, we'll have the same witnesses.

3          And so for all the reasons that you know I would list

4    individually, but I won't, we think it's appropriate to

5    consolidate the cases into a single matter and a single trial.

6          THE COURT:  Let me ask you this question.  We don't

7    know yet Mr. Lund's position, including his position after being

8    advised by either court-appointed counsel or retained counsel,

9    but if Mr. Lund chooses to object to the joinder of those two

10   cases, what legal authority does the government present to me

11   for my ability to join those two cases for a single trial over a

12   defendant's objection?

13         MR. URAM:  Well, if you want to entertain that

14   question, we'd appreciate an opportunity to brief it for you.

15         THE COURT:  All right.  So why don't we do this.

16   We'll get an attorney appointed from the panel today for

17   Mr. Lund.  We'll give that attorney an opportunity to see these

18   facts, see the indictments, speak with Mr. Lund, and speak with

19   you.

20         If there's an agreement to join the cases, it's fine

21   with me.  If there's a disagreement, if you want to join them

22   and Mr. Lund, through counsel, opposes that, I'd ask you

23   promptly to file a motion of legal authorities for why I would

24   have the right to do that over objection.

25         I think what I'm going to do, though, when I schedule

trial, is right now I'm going to schedule both trials for the same day because just as I told Mr. Lund it's a lot easier to cancel a jury and have a bench trial at the last minute than do it the other way around, it's a lot easier to separate the cases at the last minute rather than to combine them.

So I will schedule both cases for the same trial date and we'll talk at our next status conference about whether that will or will not remain.

I'm not going to ask you now, Mr. Lund, whether you do or don't want both cases tried together. Anytime, though, you want to say something, you know, as long as you're not interrupting another lawyer, you're welcome to signal to me and I'll let you speak. But I don't think it's fair to you for me to ask you your position on that until you've spoken to counsel on that.

So other than setting a trial date, Mr. Uram, anything else the government would like to say at this time?

MR. URAM: Yes, Your Honor.

Now that you've informed Mr. Lund that you're going to appoint counsel for him, I'd like you or we would request that you order him not to file anything in either of these criminal cases by himself, meaning only his attorney will be filing any pretrial motions of any type.

The reason we request that is because Mr. Lund has been, for the last 25 years, successfully dodging his obligation

to pay taxes to the IRS, and he's been involved with counsel and more recently acting pro se in several matters where he has filed frivolous motions similar to the jurisdictional ones he filed today.

So for instance, during the IRS's civil audit of Mr. Lund's tax years which are the subject of count 4 in the more recent indictment, they served on him an administrative subpoena for him to produce records and to appear and testify. These were civil auditors.

Mr. Lund, acting pro se, filed a motion to quash down in Eugene district court. That was case number 11-6237. Eventually it was assigned to Judge Aiken. In that case, Mr. Lund filed many motions to dismiss it based on the court's lack of jurisdiction and the lack of the IRS to tax him making many of the same arguments he made to the court here today, and I'm holding here document 34 from that matter in which Judge Aiken dismissed all those motions, or denied them --

THE COURT: One moment.

MR. URAM: Yes?

THE COURT: That's a civil case; right?

MR. URAM: That's correct.

THE COURT: As I've explained to Mr. Lund, criminal cases are different. A civil case, you don't normally have the risk of losing your liberty and being sent to prison; in a criminal case, you do.

1          I have now appointed counsel.  I will instruct

2    Mr. Lund that now that I am going to -- now that I'm appointing

3    counsel for him, it will be today, and I will direct that

4    counsel promptly to contact you, you personally may not file any

5    motions in this criminal case.

6          If you want to have your own retained attorney

7    represent you, as I mentioned, do that promptly; otherwise, your

8    lawyer that I appoint from the Criminal Justice Act panel will

9    be representing you and speaking for you in all written filings,

10   although I'll be somewhat looser in pretrial oral hearings such

11   that after I hear from your lawyer, if there is something else

12   that you would like to say, my inclination is to let you speak

13   as well.

14          But I am going to order that you, now that you have an

15   attorney appointed for you, may not personally file anything

16   further in this criminal proceeding.

17          Anything further from the government before we set a

18   trial date?

19          MR. URAM:  Yes, Your Honor.

20          Just the second thing I referred to, at the last

21   hearing I informed you that -- and you ordered that one of the

22   conditions of Mr. Lund's release was that he surrender his

23   passport to the -- to pretrial services, and you ordered him to

24   do that.  Pretrial services left a phone message for me this

25   morning noting that today was the hearing date and informed me

1    that Mr. Lund has not surrendered a passport.

2          You might remember that Mr. Lund informed you that he

3    surrendered his then-existing passport to the state department,

4    but we informed you that he had -- in July, he had flown down to

5    DC as part of an expedited process to get a passport based on

6    his status as an ambassador of Christ. And we don't have the

7    information about whether that passport has been issued to him,

8    but we know that no passport has been surrendered since the last

9    hearing, so we request that you ask Mr. Lund the status of that

10   passport.

11         THE COURT: Can you get -- since you all report up to

12   the executive branch, can you get that information from the

13   state department as to whether or not a new passport has been

14   issued to him?

15         MR. URAM: Let me just step back for a moment and see

16   if the case agent has tried to do that because I believe we

17   asked her to do that but I don't know the results. So if I may

18   just have 10 seconds.

19         Thank you.

20         Well, our IRS case agent has been in contact with the

21   state department, and we've learned what the -- we've had the

22   response that you would expect from a government agency in the

23   summer, is that the only person who has any information about

24   that is on extended summer vacation. So we don't have --

25         THE COURT: All right.

1              MR. URAM:  -- anything to --

2              THE COURT:  Well, I encourage you to keep working

3    through the chain of the justice department.  I do know that

4    there are avenues within the White House, if one agency has a

5    disagreement with another agency, to have those disagreements

6    resolved at the highest levels of government.

7              So hopefully if the White House can get the -- excuse

8    me -- if the justice department can get the information

9    cooperatively from the state department, good, let me know what

10   you learn.  If they have difficulty, take it up through the

11   executive branch, appropriate resources to get

12   inter-cabinet-level disputes resolved.

13             And beyond that, you're welcome to speak with

14   Mr. Lund's attorney about any of the issues and raise it again

15   with me at our next conference.  But I'm not going to ask

16   Mr. Lund about it now given that I've just appointed an attorney

17   for him but he's not yet had the opportunity to speak with an

18   attorney.

19             MR. URAM:  I understand, Your Honor.  But the order

20   for Mr. Lund to turn over that passport should he receive it

21   remains in effect, I take it?

22             THE COURT:  Correct.

23             MR. URAM:  Thank you, Your Honor.

24             THE COURT:  Now are we ready to talk about trial

25   dates?

1         MR. URAM:  Yes, and unfortunately I have a trial

2  scheduled with Judge Hernandez starting on the 12th of November.

3         THE COURT:  How long do you expect this trial will

4  last?  If we do combine both the 180 and the 244 cases into one

5  trial, what would be your best estimate?

6         MR. URAM:  Six or seven trial days, Your Honor.

7         THE COURT:  Okay.  So how certain is that case with

8  Judge Hernandez?

9         MR. URAM:  Well, I was about to say that it -- we have

10  eight indicted defendants.  It appears that they're all going to

11  plead guilty, but we're not there yet, and so I have to keep

12  that trial on the books on my calendar.

13         So if we can -- and I would say that, realistically,

14  any attorney who would be appointed to represent Mr. Lund, given

15  the complexity of these charges, would not be able to be

16  prepared for trial on that date and this would be a placeholder

17  date anyway, the 5th or 6th or the 12th, so that if you want to

18  set it with that understanding and exclude that time from speedy

19  trial, we certainly have no objection.

20         THE COURT:  Well, I'm reluctant to go much beyond that

21  without getting a speedy trial waiver from Mr. Lund, and I'm

22  reluctant to ask Mr. Lund to waive his constitutional or

23  statutory speedy trial rights, at least until after he's talked

24  with this court-appointed attorney.

25         So unless I hear from Mr. Lund right now that you

1    strenuously object and give me a reason why I should not set a

2    trial to begin on November 5th, I'm going to schedule trial for

3    November 5th.

4         That said, I do understand that that may need to be

5    moved.  When Mr. Lund's court-appointed attorney speaks with

6    him, that attorney may need additional time to prepare.

7         When or if Mr. Lund comes forward with his own

8    retained attorney, that attorney may need additional time to

9    prepare.  And if you are still scheduled to be before Judge

10   Hernandez in a different courtroom, you may need to ask for an

11   extension, and I recognize -- I'm not going to require, you

12   know, the same attorney to be in two different courtrooms at the

13   same time.

14        So I'm going to schedule a six-day trial to the jury

15   in both cases at this time to commence on November 5th, 2019.  I

16   do find that we're both within the Speedy Trial Act and

17   that -- the excludable delay, part because we had a pending

18   motion to dismiss up until today.

19        By the way, I've ruled orally from the bench, but I

20   have also prepared a written opinion.  I'll file that written

21   opinion in the court's docket this afternoon.

22        Mr. Lund, I assume -- we can mail it to you, but I

23   also assume you'd want it to your gmail address?

24             MR. LUND:  That's fine.

25             THE COURT:  So we'll email it to Mr. Lund this

afternoon.

I do find that in order for newly-appointed counsel for the defense, as well as the government, to be fully prepared for trial, excludable delay is appropriate between now and November 5th.

And I also recognize that either court-appointed or retained defense counsel may request a postponement and the government may request a postponement, so I'd like to have a status conference sometime probably in October, early October, so we can see are we really going forward with trial on November 5th, and if so, on both cases, and if so, or if not, even, will it be jury or bench trial.

MR. URAM: Thank you, Your Honor.

And one last request, then.

Could your chambers request that -- of the CJA panel, that whoever is appointed, contact us -- meaning me and Mr. Ashley -- immediately so that we can read him into the case?

THE COURT: Yes. And, obviously, consistent with Mr. Lund's request, that attorney doesn't have Mr. Lund's authority, obviously, to make any concessions on his part without Mr. Lund agreeing to them.

But so that -- that attorney can help get up to speed promptly in case that attorney and Mr. Lund do want to go to trial on November 5th, Mary, will you have CJA attorney contact Mr. Uram promptly.

1    MR. URAM:  And, Your Honor, at the last hearing we

2    informed you that we had given Mr. Lund the bulk of the

3    discovery materials and that we had available the last part of

4    our discovery materials.  Although he was participating by

5    telephone, he requested that we bring it, with your permission,

6    that we bring the materials to hand deliver them at the hearing.

7         Do you want us to hand deliver them to Mr. Lund at

8    this time or hold them for his attorney?

9         THE COURT:  Mr. Lund, do you have a preference?

10        MR. LUND:  That's fine.  I can take it now.

11        THE COURT:  Okay.  You may deliver them to Mr. Lund.

12        MR. URAM:  All right.  Thank you.

13        THE COURT:  And also please ensure that when

14   Mr. Lund's attorney, court-appointed attorney, contacts you, if

15   you need to make additional copies for Mr. Lund's new attorney,

16   both of those items, you can do that promptly.

17        MR. URAM:  Thank you, Your Honor.

18        THE COURT:  All right.  And, Mr. Lund, in a few

19   moments I'll ask you if you have any questions or anything else

20   you want to raise, but I also want to make sure that I've been

21   clear on one thing.

22        I know that when you were before the magistrate you

23   spoke about wanting to represent yourself.  I've shown you the

24   checklist that I use to make sure that any waiver of counsel is

25   knowing, voluntary, and unequivocal.

1    I definitely do not want to interfere with your right

2  to represent yourself if you want to, but I think now that we've

3  had this full discussion about jurisdiction issues, now that

4  I've ruled on jurisdiction and I've explained my reasoning, and

5  you'll get my written decision by email this afternoon, I just

6  want to reiterate that I'm appointing counsel from the CJA panel

7  to represent you and to contact you and the government promptly.

8    Again, if you have your own retained counsel,

9  just -- they can schedule a substitution appearance by

10  contacting my courtroom deputy and we'll get you on my calendar

11  promptly.

12    But if at any time going forward you tell me that you

13  want to represent yourself going forward in pretrial matters or

14  at a trial or both, I will then be fully prepared to have that

15  discussion with you.  In the law, it's called a colloquy.  I

16  will have that discussion with you, I'll give you all of the

17  detailed reasons why I think that's a very bad idea, and I'll

18  give you the checklist that I've already provided to you.  And

19  if you tell me that you understand my advice for why it's a bad

20  idea, if you understand all of the things that I'm explaining to

21  you, but notwithstanding that you still want to represent

22  yourself after we have that discussion and you make that

23  perfectly clear to me, I will let you do that.

24    But now I'm going to put the burden on you to tell me

25  you would like to have that discussion.  You can either tell me

that now if you want, but I recommend you don't.  But any time

you want at any future hearing, if you tell me that you want to

have that discussion, we'll do it.  And as long as it's not

going to delay the ultimate resolution and it's not for improper

purposes, I will respect your right to represent yourself, just

as I'm also going to respect your right to ensure that you have

counsel for your defense.

MR. LUND:  Thank you, Your Honor.

As I said earlier, I -- until the matter of

jurisdiction has been fully settled, then I object to any

appointment of an attorney, I object to not being able to file

motions.  I want to be able to retain that right to appeal this

process with or without an attorney at this point, and I do

intend to file a notice of appeal.

The date, November 5th, should be fine, and with a

potential status hearing sometime in October.

THE COURT:  By the way, let me tell you -- and I want

to be very careful.  I don't want to give you legal advice.  I'm

not your lawyer.  I'm not giving you legal advice.

You may want to speak with an attorney, whether your

court-appointed counsel or your own finding, on exactly how you

appeal because jurisdiction has been resolved and determined at

this level.  You do have the right to challenge my ruling up at

the Ninth Circuit and even beyond to the Supreme Court; however,

when and how they will listen to that is a matter of some

1  complexity.  If you file a notice of appeal before a judgment

2  has been entered in this case, it may be rejected as untimely.

3          On the other hand, there may be opportunities such as

4  filing a mandamus petition that could be heard on a more

5  accelerated basis by the Ninth Circuit, but those have its own

6  criteria, its own challenges.

7          I'm not giving you any legal advice other than to say

8  in my -- from my perspective, jurisdiction has been determined

9  here.  But nothing that I say is ever final.  It is always

10 subject to appeal and review, but at the right time and in the

11 right manner, and that too is something that's moderately

12 complicated and people need or oftentimes should have the

13 benefit of experienced counsel to know exactly what is the right

14 time to seek an appeal or other appellate review and what's the

15 right way to do it; otherwise, they lose the opportunity to have

16 their arguments heard.

17         MR. LUND:  I appreciate that.  Thank you.

18         THE COURT:  Okay.  Let's schedule a status conference

19 preferably early October.

20         Mary, what is looking good for our calendar?  Perhaps

21 the week of the 7th or something?  What do you see?

22         THE CLERK:  We have 1:00 on the 10th.

23         THE COURT:  1:00 on the 10th.

24         October 10, 1:00 p.m.  Would that work for you,

25 Mr. Lund, for a status conference?

1          MR. LUND:  Yes, that should be fine.

2          THE COURT:  All right.  Mr. Uram or Mr. Ashley?

3          MR. URAM:  Yes, Your Honor.  Thank you.

4          THE COURT:  All right.  Schedule a status conference

5     for October 10th, 1:00 p.m., in this courtroom.

6          And, Mary, you'll be contacting the CJA panel

7     coordinator today, having them promptly contact Mr. Lund and

8     Mr. Uram, notify that counsel of the status conference on the

9     10th of October at 1:00 p.m., the trial date of November 5th,

10    six days, at least right now, to a jury in both cases, but all

11    of that we can discuss further on October 10th.

12         Is there anything further, Mr. Uram, that the

13    government would like to discuss this morning?

14         MR. URAM:  Nothing, Your Honor.

15         THE COURT:  Thank you.

16         And, Mr. Lund, is there anything further that you

17    would like to discuss this morning?

18         MR. LUND:  Good for now.

19         THE COURT:  All right.  See you all on October 1, 1:00

20    p.m.  We'll be in recess until then.

21         MR. LUND:  Thank you.

22         MR. URAM:  Thank you, Your Honor.

23

24    (The proceedings concluded at 11:57 a.m.)

25

1                    C E R T I F I C A T E

2

3          I certify, by signing below, that the foregoing is a

4    true and correct transcript of the record, taken by stenographic

5    means, of the proceedings in the above-titled cause.  A

6    transcript without an original signature, conformed signature,

7    or digitally signed signature is not certified.

8

9          DATED this 5th day of September, 2019.

10

11

12                              // Ryan White
                                _____
13                              RYAN WHITE
                                Registered Merit Reporter
                                Certified Realtime Reporter
14                              Expires 9/30/2019
                                Washington CCR No. 3220
15                              Expires 10/25/2019
                                Oregon CSR No. 10-0419
16                              Expires 12/31/2020

17

18

19

20

21

22

23

24

25